UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

SARA HERRERA,

    Plaintiff,

vs.

7R CHARTER LIMITED,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, SARA HERRERA ("Ms. Herrera"), by and through undersigned counsel, sues the Defendant, 7R CHARTER LIMITED, for damages and hereby alleges the following:

## PARTIES AND JURISDICTION

1. The cause of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 30104. This Court has subject matter jurisdiction under 28 U.S.C. § 1331; it could also have subject matter jurisdiction under 28 U.S.C. § 1333.

2. Ms. Herrera was a crew member aboard the Motoryacht OLGA, a 2003 36.88m (121') Crescent motor yacht ("Vessel").

3. The Vessel is registered and flagged with the Bahamas with a registered home port of Nassau, but the Vessel maintains its true home port and base of operations in Fort Lauderdale, FL.

4. On information and belief, the Defendant, 7R Charter Limited ("Defendant" or "7R Charter"), is a British Virgin Islands Corporation, maintaining an office at 207 del Parque

1

Street, 5th Floor San Juan, Puerto Rico 00912, but keeping its base of operations in Fort Lauderdale, FL.

5. Defendant, at all material times, was the legal owner, operator, and/or manager of, and/or maintained and/or controlled the Vessel.

6. Commencing on or about October 25, 2010, Ms. Herrera was hired by the Defendant, 7R Charter, as a full time crewmember aboard the Vessel to serve as the Chief Stewardess.

7. By 2015, Ms. Herrera was earning approximately $83,000 per year in salary, not including other benefits.

8. On or about April 25, 2015 while serving as Chief Stewardess of the Vessel, Ms. Herrera accompanied the Captain of the Vessel, Bernard Calot, in a sea trial of a newly repaired 2002 tender to the Vessel, a 10.5 meter (35') tender made by Protector ("Tender").

9. During the course of her work and employment, Ms. Herrera left aboard the Tender from Hallandale, FL to perform a sea trial offshore and proceeded from Haulover Inlet to Bayside Marina in Miami, Florida.

10. While the Tender was underway and approaching Bayside Marina, Captain Bernard Calot instructed Ms. Herrera to take a position at the bow of the Tender before the Tender reached the dock.

11. The Tender proceeded towards the dock with Ms. Herrera moving to her instructed position at the bow of the Tender to place bow lines and fenders.

12. In between marker R16 and R18, north of Biscayne shoal, and heading west to Bayside, an unidentified sport fishing vessel passed the Tender and created a 2-4' high wave.

13. The wave hit the bow of the Tender.

14. Ms. Herrera was launched several feet in the air before landing on the Tender and being knocked unconscious.

15. Captain Calot drove and docked the Tender at the Bayside Marina and immediately called 911 for emergency assistance.

16. Within 5-7 minutes, EMT arrived to the scene and evacuated Ms. Herrera to Jackson Memorial Trauma Center.

17. Ms. Herrera underwent X-rays, a CAT scan and other testing that determined she suffered traumatic injuries, including but not limited to, a concussion, traumatic brain injury, and spinal injuries, including broken vertebrae at L1/T12 and two discs that were compressed and damaged.

18. Ms. Herrera remained in the hospital for almost a week in great pain and with great suffering.

19. Following release from the hospital, Ms. Herrera remained in pain and underwent spinal surgery to repair and/or to fuse part of her spine that was damaged in the accident while aboard the Tender.

20. The surgery was not a total success and Ms. Herrera remains in constant pain and discomfort.

21. A second surgery was performed in part to remove the hardware after the vertebrae fused, but the surgery was not a total success and the extreme pain and discomfort continue.

22. She is unable to work anymore at all and is also unable to perform her routine daily activities or any of the activities she enjoyed prior to the injury.

## COUNT I – JONES ACT NEGLIGENCE

23. Plaintiff adopts and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. At all times material, Defendant was the Plaintiff's employer.

25. Defendant had a fundamental, absolute, and non-delegable duty under the Jones Act to provide the Plaintiff with a reasonably safe place to work.

26. The Defendant put the Captain in complete control of the Vessel, the Tender and the crew, including Ms. Herrera.

27. The Captain was Ms. Herrera's superior officer and boss while she worked for the Defendant.

28. The Defendant is liable in damages for injury or death resulting in whole or in part from the negligence of its officers, agents, or employees.

29. Plaintiff's injury was caused by the negligence of the Captain.

30. The Captain, at all times, on behalf of the Defendant, had a duty to provide reasonably safe instructions to the crew.

31. The Captain, and therefore the Defendant, breached this duty when the Captain instructed and ordered Ms. Herrera to the bow of the Vessel before it arrived to the dock because it is dangerous and unsafe for anyone to ride on the bow of the Vessel before it is docked as it is reasonably foreseeable that a wave or a wake could create turbulence that would put anyone on the bow in danger of personal injuries.

32. These dangers were known and/or should have been known to the Defendant.

33. But for Captain Calot's instruction and order for Ms. Herrera to leave the safety of her seat for the bow of the Vessel, Ms. Herrera would not be injured as she was safely seated properly in the middle of the Tender before receiving her instructions to go to the bow by the Captain before the Vessel docked.

34. As a result of the Captain's unsafe instruction and orders, Plaintiff suffered harm, including, without limitation, bodily injury, pain and suffering, disability, disfigurement,

emotional distress, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and/or treatment, loss of earnings, and loss of ability to earn money.

35. One or more of the losses are permanent and/or continuing, and Plaintiff will suffer the loss(es) in the future.

36. Ms. Herrera will ultimately lose 25-30 years of work and therefore her salary as a result and Defendant is liable for these losses.

37. Ms. Herrera has had significant medical care and costs incurred in the past and will have the same in the future and Defendant is liable for these medical costs.

38. Ms. Herrera has, is and will continue to sustain pain and suffering, including the loss of enjoyment of life and the Defendant is liable for these losses.

WHEREFORE, Plaintiff demands judgment against the Defendant, together with any and all compensatory damages, interest, costs and fees, if and where permitted.

Date: September 20, 2016      Respectfully submitted,

**MOORE & COMPANY, P.A.**
*Attorneys for Plaintiff*
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone:  (786) 221-0600
Facsimile:   (786) 221-0601
Email:  swagner@moore-and-co.com
Email:  michael@moore-and-co.com

**s/Scott A. Wagner, Esq.**
Michael T. Moore, Esq.
Florida Bar No. 207845
Scott A. Wagner, Esq.
Florida Bar No. 10244