UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-24031-KMW/Becerra

SARA HERRERA,

    Plaintiff,

v.

7R CHARTER LIMITED,

    Defendant.

_____/

**REPORT AND RECOMMENDATION[1] ON DEFENDANT'S MOTION TO TAX COSTS AND ATTACHED BILL OF COSTS WITH INCORPORATED MEMORANDUM OF LAW**

**THIS CAUSE** is before the Court upon Defendant 7R Charter Limited's ("Defendant" or "7R Charter") Motion to Tax Costs and Attached Bill of Costs with Incorporated Memorandum of Law ("Motion"), ECF No. [261]. Plaintiff Sara Herrera ("Plaintiff" or "Ms. Herrera") filed her response to Defendant's Motion ("Response"), ECF No. [268]. Defendant filed its reply to Plaintiff's Response ("Reply"), ECF No. [269]. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [261], be **GRANTED IN PART AND DENIED IN PART,** and that Defendant be awarded $21,459.56 in costs, plus interest from the date of the judgement.

---

[1] The Honorable Kathleen M. Williams, United States District Judge, referred this matter to the undersigned for a report and recommendation. ECF No. [262].

1

I.   BACKGROUND

On September 20, 2016, Ms. Herrera filed her Complaint against 7R Charter seeking damages for injuries she suffered while aboard a vessel that was operated by 7R Charter's Captain, Bernard Calot. ECF No. [1]. Specifically, Ms. Herrera's Complaint asserts one count of Jones Act Negligence for the injuries she sustained when she was launched from the vessel and rendered unconscious due to a wave hitting the vessel. *Id.* On February 24, 2021, the Court commenced a seven-day bench trial, which ended on March 4, 2021. ECF Nos. [230], [242]. Thereafter, on April 22, 2021, the Court entered a Final Judgment in favor of 7R Charter, following the Court's *ore tenus* findings of fact and conclusions of law. ECF No. [260].

On May 18, 2021, Defendant filed the instant Motion pursuant to Federal Rule of Civil Procedure 54(d)(1), requesting costs in the amount of $28,405.81, "plus any interest due on said amount of $4.67 per day." ECF No. [261] at 10. Specifically, Defendant requests $2,215.00 in costs for fees of the clerk and marshal, $7,999.01 in costs for deposition and hearing transcripts, $560.00 in costs for witness fees, $5,198.05 in costs for exemplification and copying, $5,487.50 in costs for interpreter fees, $121.42 for accrued interest, and $6,946.25 in costs for fees incurred in procuring surveillance footage. *Id.* at 3–10.

The Court entered an Order directing Plaintiff to file a memorandum of law to show cause as to why Defendant's Motion should not be granted. ECF No. [267]. On July 27, 2021, Plaintiff filed her Response. ECF No. [268]. In Plaintiff's Response, Plaintiff asserts that she believed that her Notice of Appeal, ECF No. [264], "would cause the [C]ourt to stay [Defendant's] Motion pending appeal. ECF No. [268] at 1. As such, Plaintiff filed a "limited objection" to Defendant's Motion. *Id.* Specifically, Plaintiff filed a two-page memorandum in which Plaintiff briefly objects to Defendant's request for costs in witness fees, interpreter fees, and the investigative fees incurred

in procuring the surveillance footage. *Id.* at 1–2. Defendant filed its Reply on August 3, 2021, asserting that it is entitled to its taxable costs as the prevailing party and that its requested costs were all necessarily incurred for the defense of the case. ECF No. [269].

**II.     ANALYSIS**

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)). A presumption exists in favor of awarding costs. *Id.* A court may award the prevailing party costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987), *superseded on other grounds*, 42 U.S.C. § 1988(c) (1991). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Upon the filing of a timely bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of 28 U.S.C. § 1920, or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Est. Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (citation and quotations omitted) (finding that "[t]he burden lies with the challenging party to show that the depositions were not related to an issue in the case at the time [they] were taken[,]" and thereby show they were not "wholly or partially necessarily obtained for use in the case"). In turn, "[w]hen challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *1 (S.D. Fla. Sept. 29, 2009).

Section 1920 "defines the term 'costs' as used in Rule 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting,* 482 U.S. at 437. The specific costs which may be awarded set forth in Section 1920 are as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Here, the parties agree that Defendant is the prevailing party, warranting an award of taxable costs. *See EEOC v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (noting that the parties did not dispute the prevailing party's entitlement to costs but disputed the amount of costs to be awarded).

**(1) Service of Process Costs**

Defendant requests $2,215.00 in costs for "attempting to serve non-party subpoenas *deuces tecum* to fifteen (15) separate individuals and entities" and for its service of trial subpoenas. ECF No. [261] at 3. Defendant contends that such subpoenas were served in order for Defendant to properly prepare and defend against Plaintiff's claims. *Id.* Plaintiff does not object to Defendant's service of process costs. *See* ECF No. [268]. Service of process costs are recoverable under Section 1920(1). Given that Plaintiff has not objected to this cost, the undersigned finds that Defendant should recover $2,215.00 in costs for service of process.

4

### (2) Costs for Deposition Transcripts

Defendant also seeks to recover $7,999.01 in costs for deposition and hearing transcripts. ECF No. [261] at 5. Defendant contends that it should recover its costs for the deposition transcripts because it utilized those transcripts "in establishing its defense against Plaintiff and in preparing for trial." *Id.* at 4. Defendant also contends that it should recover its costs in ordering several hearing transcripts because "Defendant's use of the hearing transcripts were necessarily used in the development of the additional arguments in defense of Plaintiff's submissions and to prepare motions . . . ." *Id.* at 5. Plaintiff does not object to Defendant's request of $7,999.01 in costs for deposition and hearing transcripts. *See* ECF No. [268].

The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (citation and quotations omitted); s*ee also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015).

To satisfy the "necessarily obtained" requirement—in order to recover transcript and court reporter appearance expenses—a deposition must only appear to have been "reasonably necessary" when it was taken. *See W&O, Inc*, 213 F.3d at 620–22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391, at *1. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391, at *1 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019– CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

5

Upon review of the information provided in the chart in Defendant's Declaration in support of its Motion, ECF No. [261-2] at 5–6, the undersigned finds that Defendant has provided all the necessary information for the Court to determine the costs of each deposition. In addition, the undersigned notes that Plaintiff does not object to such costs and, therefore, has failed to satisfy its burden of demonstrating how any deposition was not necessary or related to the case at hand. Indeed, upon review of the record, the Court finds that each deposition requested by Defendant is reasonable. As such, the undersigned concludes that Defendant is entitled to recover the $7,999.01 for its costs in depositions and court reported fees.

**(3) Witness Fees**

Defendant seeks to recover $560.00 in witness fees. ECF No. [261] at 7. Defendant contends that a total of fourteen witnesses were utilized either in court or at a deposition, and that Defendant is entitled to $40.00 per witness. *Id.* Plaintiff objects to Defendant's request, arguing that "none of the witnesses listed by Defendant appeared at trial" and "[t]he Court dispensed with the need for records custodians." ECF No. [268] at 1. In its Reply, Defendant contends that Plaintiff's assertions are inaccurate because several of the witnesses did testify at trial, and it was Plaintiff—not the Court—that requested records custodians be dispensed with at trial. ECF No. [269] at 3. Ultimately, Defendant contends that, while it incurred witness fees of $15,119.80, it is only requesting a total of $560.00 in accordance with the $40.00 per day limit imposed by statute. *Id.* at 6.

Defendant seeks a $40.00 fee for fourteen different witnesses, totaling $560.00. Witness fees are taxable costs under 28 U.S.C. § 1920, but recovery of witness fees is limited by 28 U.S.C. § 1821 to $40.00. *See Brook v. United States*, No. 08-60314-CIV, 2009 WL 2257619, at *2, *5 (S.D. Fla. July 29, 2009) (reducing lay witness fees to $40.00 per witness, per day). While Plaintiff does not contest the rate, she claims that none of the witnesses listed by Defendant appeared at

6

trial.  However, "reasonable fees are taxable for witnesses who do not testify at trial."  *Sauvage v. Snow*, No. 8:02-CV-373-T-TGW, 2006 WL 4847687, at *1 (M.D. Fla. Mar. 31, 2006); *see also Fernandez v. Elder Care Option, Inc.*, No. 03-21998-CIV, 2006 WL 8445932, at *2 (S.D. Fla. June 9, 2006), *report and recommendation adopted*, No. 03-21998-CIV, 2006 WL 8445933 (S.D. Fla. July 3, 2006) (finding a witness fee for a witness not called to testify was properly taxable). Thus, the Court recommends that Defendant be awarded $560.00 for witness fees.

### (4) Fees for Exemplification and Copies

Defendant seeks exemplification and copying costs in the amount of $5,198.05.  ECF No. [261] at 8.  Defendant contends that it "incurred costs associated with copying of documents, specifically medical records, to submit to Plaintiff pursuant to discovery requests by Plaintiff and for use at trial."  *Id*.  Plaintiff does not object to such costs.  *See* ECF No. [268].  Photocopying costs are taxable if they were necessarily obtained for use in a case pursuant to Section 1920(4) or the incurring party reasonably believed they were necessary for pending litigation.  *W&O Inc.*, 213 F. 3d at 623.  "General copying costs without further descriptions, or copies made merely for counsel's convenience, such as multiple copies of documents, however, are not recoverable." *Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *8 (S.D. Fla. Aug. 7, 2020), *report and recommendation adopted sub nom. Guevara v. Fla. E. Coast Ry. LLC*, No. 18-24726-CIV, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (citing *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009)).  Given a review of the information provided and noting that there is no objection, Defendant is entitled to $5,198.05 in copying and exemplification costs.

### (5) Interpreter Fees

Defendant seeks to recover $5,487.50 in costs associated with interpreter services.  ECF No. [261] at 8–9.  Defendant contends that it utilized interpreter services for the depositions of two

witnesses, Juan Carlos Vasquez Rodriguez and Edgar Uribe, and "at the hearing for 7R Charter's Motion to Disqualify Counsel for Luis Rubi's and Ms. Linero's testimony." *Id.* at 8. Further, Defendant contends that it utilized the interpretation and translation services for three consecutive days at trial. *Id.* Defendant asserts that the testimony of these two witnesses were vital to Defendant's preparation and defense of its case. *Id.* Plaintiff objects to Defendant's request, arguing that "[o]nly fees paid to court-appointed experts and interpreters are recoverable." ECF No. [268] at 2. Plaintiff contends that, because Defendant appointed the interpreters at issue, Defendant should not be awarded costs for those services. *Id.*

Section 28 U.S.C. § 1920(6) allows for "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under . . . [28 U.S.C. § 1828]." *See also Blanco v. Biscayne Wine Grp., LLC*, No. 10-23988-CIV, 2014 WL 2653922, at *2 (S.D. Fla. June 13, 2014) (holding that the costs associated with interpreters were recoverable because the interpreters played an important role in the case by allowing the jury to understand the witnesses); *see also Martinez-Pinillos v. Air FLow Filters, Inc.*, No. 09-22453-CIV-BROWN, 2010 WL 6121708, at *7 (S.D. Fla. Dec. 22, 2010), *report and recommendation adopted,* No. 09–22453-CIV, 2011 WL 918854 (S.D. Fla. Mar. 1, 2011) (explaining that 28 U.S.C. § 1920(6) "clearly provides that the court may tax as costs [fees for interpreters]" and recommending taxable costs based on the interpreter's invoice).

Plaintiff's argument that Defendant should not recover its interpreter fees because the interpreters used were not appointed by the Court is unfounded. The plain language of § 1920(6) authorizes the recovery of interpreter fees. *See* 28 U.S.C. § 1920(6) (the cost of "compensation of interpreters" is recoverable). In its Declaration, Defendant provides a chart that details the cost it has incurred in interpreter fees. ECF No. [261–2] at 7. Specifically, Defendant requests $435.00

for translating services of the testimony of Luis Alberto Rubi; $240.00 for the translating services in connection with the deposition of Juan Carlos Vasquez Rodriguez; $195.00 for the translating services in connection with the deposition of Edgar Uribe Montes; and $4,617.50 for the translating services provided during trial. *Id.* Upon review, the undersigned finds that these costs are reasonable and taxable under § 1920(6). As such, the undersigned recommends that such costs be taxed in the amount of $5,487.50 for interpreter fees.

**(6) Other Costs**

Defendant seeks to recover $6,946.25 for "costs of investigation that produced surveillance footage that was used at trial as evidence for the Court's consideration." ECF No. [261] at 9. Defendant contends that the "footage was absolutely necessary and reasonably collected for their use in trial and overall development of [Defendant's] defense in this case." *Id.* at 10. Plaintiff objects to Defendant's request on the basis that investigative costs are not recoverable under 28 U.S.C. § 1920. ECF No. [268] at 2.

Section 1920 does not authorize recovery for fees associated with an investigator. *See, e.g.*, *Abby v. Paige*, No. 10-23589-CIV, 2013 WL 12246348, at *10 (S.D. Fla. Aug. 2, 2013), *report and recommendation adopted*, No. 10-23589-CIV, 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013) (denying investigative costs under § 1920); *Zelaya v. Bartholomai*, No. 02-22552-CIV, 2007 WL 9652960, at *5 (S.D. Fla. Aug. 9, 2007), *report and recommendation adopted*, No. 02-22552-CIV, 2008 WL 11333727 (S.D. Fla. Feb. 11, 2008) ("Costs of an investigator are not taxable under 28 U.S.C. § 1920"). Defendant attempts to make the argument that, despite the fact that Section 1920 does not authorize recovery for fees associated with an investigator, Defendant should still recover on the basis that the investigative costs are more appropriately categorized as "oversize[d] documents" or "color photographs," which are taxable under Section 1920(4). *See* ECF No. [261] at 9. The Court is unpersuaded. Indeed, Defendant's reliance on *Arcadian Fertilizer, L.P. v. MPW*

9

*Indus. Services, Inc.*, 249 F.3d 1293 (11th Cir. 2001) is misplaced. In *Arcadian*, the defendant argued that "oversized documents, color photographs, and videotape exhibits are exemplifications" and, therefore, recoverable under Section 1920(4). 249 F.3d at 1296. The court found that the only relevant provision in Section 1920 that would support the defendant's position was Section 1920(4), which allows "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." *Id.*; 28 U.S.C. § 1920(4). However, the court defined "exemplification" as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence . . . ." *Id.* at 1297 (citation and quotations omitted). The court held that defendant's videotape exhibits and computer animation were not exemplifications as defined under Section 1920(4), and, therefore, were not taxable under Section 1920(4). *Id.* at 1297–98.

Similarly, the only provision in Section 1920 that is arguably relevant to Defendant's expenses for the investigative costs that were incurred in obtaining the surveillance footage is Section 1920(4). However, similar to the court's finding in *Arcadian*, the undersigned does not find that Defendant's surveillance footage would be categorized as exemplifications within the meaning provided under Section 1920(4). Therefore, the Court finds that Defendant's investigative costs, which fall outside the taxable costs under Section 1920(4), and which are generally not taxable under Section 1920, are not recoverable.

### (7) Interest

Defendant also requests $121.42 in interest costs. ECF No. [261] at 9. Defendant contends that it is entitled to interest costs from the date of this Court's Final Judgment through "the date of this Motion and continuing." *Id.* "'When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.'" *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *14 (S.D. Fla. Feb. 2, 2016) (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994)). As such, the Court

finds that Defendant is entitled to any interest accrued from this Court's Final Judgment on April 22, 2021.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Defendant's Motion, ECF No. [261], be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded $21,459.56 in costs, plus interest from April 22, 2021.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on December 29, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE